101 F.3d 1394
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
RED ROCK COMMODITIES, LTD. and Red Rock Holdings Ltd.,
Plaintiffs-Appellants,
v.
ABN-AMRO BANK, N.A., Defendant-Appellee.
 No. 96-7024.
 United States Court of Appeals, Second Circuit.
 Aug. 21, 1996.
 
 Appearing for Appellant: Toni C. Lichstein, Milbank, Tweed, Hadley & McCloy, New York, NY.
 Appearing for Appellee: David L. Berkey, Gallet Dreyer & Berkey, New York, NY.
 E.D.N.Y.
 AFFIRMED.
 Present MESKILL, CALABRESI, PARKER, Circuit Judges.
 
 ORDER
 
 1
 Red Rock Commodities and Holdings sued ABN for damages arising out of a complex series of transactions that culminated in ABN seeking the appointment of a liquidator and instituting foreclosure proceedings against Red Rock in Israel. The United States District Court for the Eastern District of New York (Scheindlin, J.) found that none of Red Rock's allegations were sufficient to state a cause of action and dismissed the complaint pursuant to 12(b)(6). Red Rock appeals. We review the grant of a 12(b)(6) motion de novo. Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir.1993). We affirm for substantially the reasons given by the district court.
 
 
 2
 In passing, the district judge stated that since liquidation and foreclosure were procedural, the choice-of-law provision in the contract between Red Rock and ABN that stated that New York law would apply was irrelevant. See Woodling v. Garrett Corp., 813 F.2d 543 (2d Cir.1987) (contractual choice-of-law provisions implicate substantive but not procedural law). We note that while the appointment of a liquidator is procedural, elements of the liquidation and foreclosure themselves may be substantive. In this case, however, Red Rock did not allege in more than a conclusory fashion that there were any relevant differences between New York and Israeli law with regard to the substantive law of liquidation and foreclosure. Thus, even if substantive law were implicated by this case, the complaint fails to state a claim on which relief could be granted.
 
 
 3
 We have examined all the appellant's contentions, and find them to be without merit. The district court's judgment is therefore affirmed.